# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 13, 2012 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY v. JOSEPH H. JOHNSTON

**Appeal from the Circuit Court for Davidson County**
**No. 11C3311     Hamilton V. Gayden, Jr., Judge**

_____

**No. M2012-01537-COA-R3-CV - Filed January 22, 2013**

_____

The Metropolitan Government issued a parking citation to the driver of a vehicle parked at an expired meter; upon his failure to pay the $11.00 fine within the requisite 45-day period, the fine was increased to $50.00 and costs were assessed. Driver challenged the fine as a violation of the Fifty-Dollar Fines Clause of Article VI, Section 14 of the Tennessee Constitution and the Metropolitan Government's authority to increase the fine, and asserted that the parking citation was unconstitutional for failure to comply with Tenn. Code Ann. § 7-3-501. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and JEFFREY S. BIVINS, SP. J., joined.

Joseph Howell Johnston, Nashville, Tennessee, Pro Se.

Jason P. Bobo, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

## MEMORANDUM OPINION[1]

I. Factual and Procedural Background

_____

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On April 13, 2011, Appellant Joseph Johnston was given a citation for parking at an expired meter; the citation stated that the applicable fine of $11.00 was to be paid within 45 days, and that $93.00 would be owed if the fine was paid "after compliance date." On June 2, 50 days after the citation was issued, Appellant sent a check for $11.00 to the Traffic Warrant Division ("Traffic Division"); on that same date the Traffic Division sent Appellant a notice stating that he owed $93.00, to be paid immediately. After deducting the $11.00 he had previously paid, Appellant remitted a check for $82.00 with the notation "under protest" on June 27. He filed a document styled "Notice of Appeal" in the office of the clerk of the Metropolitan General Sessions Court the next day.

On July 12, 2011, the Traffic Violation Bureau sent a letter to Appellant acknowledging his appeal, and requesting that Appellant remit a $232.50 filing fee, which he did. On August 11, the Bureau sent Appellant a letter acknowledging his payment of the filing fee and requesting that he post a $250.00 cash bond, as required by Tenn. Code Ann. § 27-5-103, in order for his appeal to be forwarded to the Circuit Court; Appellant complied. On September 19, Appellant filed a document in Circuit Court styled "Answer and Counterclaim for Declaratory Judgment and Damages," in which he asserted that the fine he had been assessed violated Article VI, Section 14 of the Tennessee Constitution; he sought a declaratory judgment that the parking citation was unconstitutional on its face, a refund of the fine, and damages pursuant to 42 U.S.C. § 1983. On October 19, 2011, the Metropolitan Government ("Metro") answered Appellant's counterclaim, asserting that the claim for a declaratory judgment was not ripe and that the counterclaim failed to state a claim, and requesting that the counterclaim be dismissed. On December 19, Metro filed a Motion for Judgment on the Pleadings pursuant to Tenn. R. Civ. P. 12.03.

On January 6, 2012, Appellant filed a Motion to Amend Answer and Counterclaim to Add Further Affirmative Defenses, and on January 19 filed a response to Metro's motion, as well as a cross-motion for judgment on the pleadings. All motions were heard on March 30, 2012, and the court issued an Order on May 17 granting Metro's motion and denying Appellant's motions. In its order the court made the following findings of fact:

1. Joseph Johnston is a resident of Davidson County, Tennessee. At all times material to this cause, Mr. Johnston was the owner and driver of a 1994 Nissan Sentra automobile with Tennessee license plate number AN6585.
2. On April 13, 2011, Mr. Johnston was issued a parking citation No. 2810520 for parking at parking meter No. E2838 with the meter time expired in violation of Metro Code of Laws § 12.44.040.
3. Citation No. 2810520 contains the following Notice:

TO ANSWER THIS CHARGE YOU MUST TAKE A FORM OF ACTION WITHIN THE TIME SPECIFIED BELOW.
FORMS OF ACTION AND COMPLIANCE DATE

A. PAY FINE AMOUNT LISTED ABOVE WITHIN 45 DAYS OF ISSUANCE DATE;

B. REQUEST A HEARING DATE NO LATER THAN 45 DAYS FROM ISSUANCE DATE OF THE CITATION. YOU ARE RESPONSIBLE FOR FOLLOWING THE PROGRESS OF YOUR CASE. IF YOU ARE FOUND GUILTY THERE WILL BE ADDITIONAL COURT COST ASSESSED TO THE FINE AMOUNT.

4. Citation No. 2810520 instructed Mr. Johnston that the "FINE IS PAID BY COMPLIANCE DATE" was $11.00.

5. Citation No. 2810520 instructed Mr. Johnston to "PAY THIS AMOUNT AFTER COMPLIANCE DATE," indicating an amount of $93.00.

6. On June 2, 2011, 50 days after citation No. 2810520 was issued, Mr. Johnston mailed an $11.00 check with notation "paid in full."

7. On June 2, 2011, the Metropolitan Government sent Mr. Johnston a Notice that payment of $93.00 was due on parking citation No. 2810520.

8. On June 7, 2011, the Metropolitan Government sent Mr. Johnston a "Parking Shortage Notice," stating that Mr. Johnston had paid $11.00 and the balance due was $82.00.

9. On June 28, 2011, Mr. Johnston paid the additional $82.00 "under protest" along with a "Notice of Appeal."

10. On June 28, 2011, the Notice of Appeal was filed by the Metropolitan Government with the Circuit Court Clerk.

11. On July 12, 2011, The Metropolitan Government sent Mr. Johnston a receipt for his June 28, [2011] payment in the amount of $82.00, which receipt stated on its face "Fine-Parking: $50.00; Clerk's Fee: $32.00; Total: $82.00."

12. The $93.00 amount was assessed against Mr. Johnston without a jury.

On June 14, 2012, the parties filed a Stipulation of Facts incorporating the facts found by the court in its May 17 order; on the basis of the stipulation the court issued a Final Order dismissing the appeal. On July 12, Appellant filed a notice of appeal; he contends that the parking citation issued to him violates the Fifty-Dollar Fines Clause of Art. VI, Sec. 14 of the Tennessee Constitution; that Metro Code § 1.24.030(E) "is not authorized by an enabling statute and is therefore ultra vires and void ab initio"; and the parking citation violates Tenn. Code Ann. § 7-3-501 because it does not provide notice of the court appearance.

II. Discussion

Appellant first contends that the $93.00 he was assessed violates the Fifty-Dollar Fines Clause of Article VI, Section 14 of the Tennessee Constitution, which prohibits the assessment of a fine exceeding fifty dollars, unless assessed by a jury. His contention is premised on the belief that the $93.00 which he paid constituted the fine, a premise which is contrary to the evidence.

-3-

$50.00 of the $93.00 is the fine for the parking violation, assessed pursuant to Metro Code § 12.08.170. The remaining $43.00 is assessed when Metro enforces a delinquent ticket: $42.00 is the General Sessions Court filing fee, required by Tenn. Code Ann. § 8-21-401(f)(1), and $1.00 is the state litigation tax, required by Tenn. Code Ann. § 67-4-602(g)(1). The fine did not exceed $50.00 and was not required to be assessed by a jury.

With respect to Appellant's contention that Metro did not provide him with a sufficient accounting statement of the fine and costs, the receipt Appellant was given on July 12, 2011, noted at Fact Stipulation 11, shows the $50.00 fine and $32.00 in clerk's fee. Under the circumstances presented, where Mr. Johnston made a partial payment of $11.00, as indicated by Fact Stipulation 6, then paid the balance of $82.00, we find no deficiency with the accounting he was given.

Appellant next contends that Metro Code § 1.24.030(E), which allows for the increase of Appellant's fine due to his failure to pay the original amount within the requisite period, is not authorized by statute and consequently is void.

In the exercise of their police power cities are given broad powers of regulation and wide discretion, including the authority to enact laws regulating safety and order. *Porter v. City of Paris*, 201 S.W.2d 688, 689 (Tenn. 1947). Metro Charter § 2.01(30)[2] gives Metro its authority to adopt ordinances regulating parking, including the ordinances at issue in this case. Pursuant to this authority, Metro passed ordinances assessing a fine of from $1.00 to $50.00 for parking violations, Metro Code § 12.08.170, and to impose the maximum amount for failure to timely respond to a citation or to appear in court, Metro Code § 1.24.030(E). These ordinances are within the power and authority of Metro.

---

[2] Metro Charter § 2.01(30) states:

The metropolitan government of Nashville and Davidson County shall have power:

30. To regulate the operation of motor vehicles and exercise control over all traffic, including parking[.]

Appellant lastly contends that the parking citation violates Tenn. Code Ann. § 7-3-501[3] because it does not provide notice of the "date, time and place" when Appellant was due to appear in court.

At the bottom of the parking citation, the following notice is printed:

TO ANSWER THIS CHARGE YOU MUST TAKE A FORM OF ACTION WITHIN THE TIME SPECIFIED BELOW.
FORMS OF ACTION AND COMPLIANCE DATE
A.    PAY FINE AMOUNT LISTED ABOVE WITHIN 45 DAYS OF ISSUANCE DATE;
B.    REQUEST A HEARING DATE NO LATER THAN 45 DAYS FROM ISSUANCE DATE OF THE CITATION. YOU ARE RESPONSIBLE FOR FOLLOWING THE PROGRESS OF YOUR CASE. IF YOU ARE FOUND GUILTY THERE WILL BE ADDITIONAL COURT COST ASSESSED TO THE FINE AMOUNT.

The parking citation allows the violator to pay the initial fine within 45 days of the issuance date of the citation, or it allows the violator to request a date to permit the violator to challenge the citation in court. Metro has decided to implement Tenn. Code Ann. § 7-3-501 by allowing the alleged violator to request a hearing if he or she wishes to have an opportunity to be heard. The citation clearly states that the violator must request a hearing and, upon making the request, the violator will be given notice of the time, date, and place where he or she is expected to appear. This procedure complies with the statute, and accordingly, the wording of the parking citation does not violate Tenn. Code Ann. § 7-3-501.

III. Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[3] Tenn. Code Ann. § 7-3-501 states:

When any person violates an ordinance, law or regulation of a metropolitan government, any police or peace officer of such metropolitan government or any employee of the metropolitan government authorized to enforce such ordinance, law or regulation, in whose presence the violation is committed or who determines after investigation that there is probable cause such a violation has been committed, may issue a citation or civil warrant, giving a copy to the violator, showing the ordinance, law or regulation violated and the date, time and place when the violator is to appear in court.